**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————————X
                                    :

YOLANDA VASQUEZ, on behalf of herself and  :
all others similarly situated,             :
                                      :

           Plaintiff,           :  Civil Action No.
                                      :

vs.                              :  **CLASS ACTION COMPLAINT AND**
                                    :  **JURY TRIAL DEMAND**

RADIUS GLOBAL SOLUTIONS LLC,    :
                                      :

           Defendant.          :
                                      :
—————————————————————— X

Plaintiff YOLANDA VASQUEZ (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned attorney, alleges against the above-named Defendant RADIUS GLOBAL SOLUTIONS LLC (hereinafter "Defendant"), its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of Essex County, in the State of

New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief defendant RADIUS GLOBAL

SOLUTIONS LLC ("RGS") is a corporation organized under the laws of the State of

Minnesota with its principle place of business located at 7831 Glenroy Road, Suite 250, Minneapolis, MN 55439.

9. Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

• All New Jersey consumers who were sent letters and/or notices from Defendant Radius Global Solutions LLC in the form attached as Exhibit A in which Navient is listed as the current creditor, and which included the alleged conduct and practices described herein.

• The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA.

    b.  Whether the Defendant were seeking to collect on a time-barred debt;

    c.  Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    d.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

e.  Whether Plaintiff and the Class are entitled to declaratory
and/or injunctive relief.

• Plaintiff's claims are typical of the Class, which all arise from the same
operative facts and are based on the same legal theories;

• Plaintiff has no interest adverse or antagonistic to the interest of the
other members of the Class;

• Plaintiff will fairly and adequately protect the interest of the Class and
has retained experienced and competent attorneys to represent the
Class;

• A Class Action is superior to other methods for the fair and efficient
adjudication of the claims herein asserted.  Plaintiff anticipates that no
unusual difficulties are likely to be encountered in the management of
this class action;

• A Class Action will permit large numbers of similarly situated persons
to prosecute their common claims in a single forum simultaneously
and without the duplication of effort and expense that numerous
individual actions would engender. Class treatment will also permit the
adjudication of relatively small claims by many Class members who
could not otherwise afford to seek legal redress for the wrongs
complained of herein.  Absent a Class Action, class members will
continue to suffer losses of statutory protected rights as well as
monetary damages.  If the Defendant's conduct is allowed to proceed

without remedy it will continue to reap and retain the proceeds of its

ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire

    Class, thereby making appropriate final injunctive relief or

    corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is

defined by 15 U.S.C. §1692a(3).

14.     Defendant collects and attempts to collect debts incurred or alleged to

have been incurred for personal, family or household purposes on behalf of creditors

using the United States Postal Service, telephone and/or the Internet.

15.     Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16.     Sometime prior to February 26, 2019, Plaintiff allegedly incurred a

financial obligation to Navient, or its predecessor, related to Plaintiff's student loan(s) at

the Sanford Brown Institute ("the Student Loan Obligation" or "the Debt").

17.     The Student Loan Obligation arose out of a transaction in which money,

property, insurance or services, which are the subject of the transaction, are primarily for

personal, family or household purposes.

18.     The alleged Student Loan Obligation is a "debt" as defined by 15 U.S.C. §

1692a(5).

19.     Navient and/or its predecessor are each a "creditor" as defined by 15

U.S.C. § 1692a(4).

20.     Sometime prior to February 26, 2019, Navient, either directly or through

6

intermediate transactions assigned, placed or transferred the Student Loan obligation to Defendant for collection.

21.    At the time the Student Loan Obligation was assigned, placed or transferred to Defendant, the Student Loan Obligation was in default.

22.    Defendant caused to be delivered to Plaintiff a letter dated February 26, 2019 concerning the alleged Student Loan Obligation, which sought to collect an amount owed of $46,699.43.  Attached as Exhibit A is a copy of the February 26, 2019 collection letter.

23.    The February 26, 2019 collection letter was Defendant's initial communication to Plaintiff for the Student Loan Obligation.

24.    The February 26, 2019 collection letter was sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25.    The February 26, 2019 letter was a "communication" as defined by 15 U.S.C. § 1692a(2).

26.    Upon receipt, Plaintiff read the February 26, 2019 letter.

27.    The February 26, 2019 collection letter, as Defendant's initial communication to Plaintiff, provides the debt verification notice required by section 1692g of the FDCPA.

28.    However, the Total Balance Due amount of $46,699.43 on the front of the letter appears to be a combination of multiple accounts, based upon the listing of two accounts on the back of the letter in the amounts of $31,498.85 and $15,200.58.  Yet, the letter fails to indicate whether each account is based upon a debt owed to the same or a different original creditor.

29.    Furthermore, combining multiple accounts in the same Total Balance Due amount in the same collection letter, renders the 1692g notice ineffective and confusing, since the notice refers to the "debt" in the singular, while the total balance is a combination of multiple "debts".

30.    The least sophisticated consumer may not understand how to dispute only one of the two debts, since the 1692g dispute language in the letter refers to only how dispute a single debt.

31.    Furthermore since the letter indicates that the balance may include interest and other charges (e.g. collection charges and attorney's fees) the total balance amount of $46,699.43 likely includes such interest, fees and/or other charges.

32.    Yet, the collection letter fails to provide a breakdown of the specific amount of each of the fees and/or charges.

33.    The failure to itemize these charges renders the letter confusing since it invites the least sophisticated consumer to speculate that that these other charges may be collection charges, attorney's fees and/or other charges in addition to the amount of principal that is owed.  See, Fields v. Wilber Law Firm, P.C., 383 F.3d 562 (7th Cir. 2004)

34.    Additionally, the February 26, 2019 collection letter provides three addresses for Defendant.

35.    The first address is located at the top left of the collection letter indicates an address of Dept-007, P.O. Box 1280, Oaks PA 19456-1280.

36.    The second address is located at the top right of the collection letter is 7831 Glenroy Rd., Suite 250-A, Minneapolis, MN  55439-3132.

37.     The third address located at the bottom right and includes the address PO Box 390914, Minneapolis MN  55439-0914.

38.     However, the collection letter fails to indicate which of the three addresses the debt verification letter should be sent to, rending it deceptive, misleading and confusing and not complying with section 1692g of the FDCPA.

39.     Furthermore, the collection letter does not indicate to which address payment should be made.

40.     Also, the February 26, 2019 collection letter did not identify the name of the original creditor(s).

41.     The fact that the collection letter indicates that the balance may increase due to interest or other charges as permitted by law or in your original agreement would imply or confuse the least sophisticated consumer in to believing that the Student Debt Obligation was legally enforceable despite the fact that the letter indicates that the statute of limitations has already passed and Plaintiff could not be sued on it.

42.     Additionally, there was no legal basis for the statement that the balance may increase due to interest or other charges.

43.     Furthermore, the total balance due amount in the collection letter includes interest, collection charges, and other charges which Defendant was not entitled to collect on behalf of Navient from Plaintiff.

44.     Defendant regularly sent collection letters to New Jersey consumers that included a demand for an amount that was greater than the amount actually due at the time the collection letters were sent.

45.     Based upon information and belief, Defendant regularly sent letters

seeking to collect student loan debts which combined balances,

46.     Based upon information and belief, Defendant regularly sent letters seeking to collect debts, which failed to effectively convey the 1692g notice.

47.     Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

48.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

49.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

50.     Defendant violated Plaintiff's right to a trustful and fair debt collection process.

51.     Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding the expiration of the statute of limitations, and the effect of making a payment on the debt, could reset the statute of limitations.

52.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

53.     Defendant's collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

54.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

55.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

56.    As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

57.    Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

58.    The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

59.    Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent herself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

60.    The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

61.    It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)    By making false representations of the character or legal status of a debt; and

(c)    Using unfair or unconscionable means to collect or attempt to collect any debt.

(d)    Failing to effectively convey the 1692g notice.

62.    On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

63.    Plaintiff repeats the allegations contained in paragraphs 1 through 62 as if the same were set forth at length.

64.    Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

65.    By sending a collection letter, the same as or substantially similar to the February 26, 2019 collection letter, in which the collection letter, among other things, sought to collect on a time-barred debt, failed to give the original creditor's name, sought to collect more interest, fees, collection charges and/or other charges, Defendant violated:

A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B. 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D. 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or this is not intended to be taken;

E. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

G. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

H. 15 U.S.C. §1692g, by failing to identify the name of the original creditor and by failing to effectively convey the dispute and validation notice.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may

deem just and proper.

Dated:  Rutherford, New Jersey
          February 26, 2020

                                    Respectfully submitted,


                              By: s/ Lawrence C. Hersh
                                    Lawrence C. Hersh, Esq.
                                    17 Sylvan Street, Suite 102B
                                    Rutherford, NJ  07070
                                    (201) 507-6300
                                    *Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.


Dated: February 26, 2020                  By: s/ Lawrence C. Hersh
                                                Lawrence C. Hersh, Esq

EXHIBIT A

**Return Mail Only - Do not send mail to this address.**
**Use address provided on reply on below.**

Dept-007
PO Box 1280
Oaks PA 19456-1280

CHANGE SERVICE REQUESTED

**Radius Global Solutions LLC**

radius

7831 Glenroy Rd, Suite 250-A • Minneapolis, MN 55439-3132
Toll Free: 866-947-6802

General Business Hours:
Mon. thru Thurs. 8am – 9pm CT • Friday 8am – 5pm CT
Saturday: 8am to 12pm CT

February 26, 2019

Yolanda Vasquez
████████████

**Account Information**
Creditor: Navient
Radius Global Solutions #(s):  ████████779
Total Balance Due: $46,699.43

**See reverse side for listing of all accounts**

The law limits how long you can be sued on a debt. Because of the age of your debt, you cannot be sued for it. In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.

Dear Yolanda Vasquez:

Please be advised that Navient has requested our office assist them in the collection of the balance for the above Account(s).  Your balance may increase due to interest or other charges as permitted by law or in your original agreement.

Reduced Payment Option: Pay a onetime payment of $5,310.10 to resolve the above account(s) for less than the total balance. Provided the payment made is not reversed or otherwise returned as unpaid, no further attempts will be made to collect the remaining balance. We are not obligated to renew this offer.

The preceding information does not affect your rights set forth below:
Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,
Radius Global Solutions

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Calls to or from this company may be monitored or recorded.

---

PLEASE DETACH AND RETURN WITH PAYMENT

**Account Information**
Creditor: Navient
Account #(s): ████████250 ██ 1250
Radius Global Solutions #(s): ████████779 ██ ████████007
Total Balance Due: $46,699.43
Reduced Payment Option: $5,310.10

Amount Paid
$ [ ][ ][ ][ ][ ] . [ ][ ]

Yolanda Vasquez
████████████

Radius Global Solutions LLC
PO Box 390914
Minneapolis  MN  55439-0914

779
780

250
250

$31,498.85
$15,200.58
Total Balance Due: $46,699.43