UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY (NEWARK)

YOLANDA VASQUEZ, on behalf of herself
and all others similarly situated,

       Plaintiff,

                                              Case No.: 2:20-CV-02122-KM-JBC

v.

RADIUS GLOBAL SOLUTIONS, LLC,

       Defendant.

_____/

## DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLANT

Defendant, Radius Global Solutions, LLC ("RGS"), through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, submits this answer and affirmative defenses to the Class Action Complaint filed by plaintiff, Yolanda Vasquez, and states:

## PRELIMINARY STATEMENT

1.     RGS admits that plaintiff purports to bring an action for damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, but denies any and all damages, liability, and/or violations to the extent alleged in ¶ 1, and further denies plaintiff is entitled to any relief. Except as specifically admitted, RGS denies the allegations in ¶ 1.

## JURISDICTION AND VENUE

2.     RGS admits that plaintiff's claims arise under federal law. Except as specifically admitted, RGS denies the allegations in ¶ 2 as calling for a legal conclusion.

1

3. RGS denies the allegations in ¶ 3 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

### DEFINITIONS

4. The allegations in ¶ 4 do not set forth an averment to which a response is required; to the extent a response is required, RGS denies the allegations in ¶ 4 as calling for a legal conclusion.

### JURY DEMAND

5. The allegations in ¶ 5 does not set forth an averment to which a response is required; to the extent a response is required, RGS admits plaintiff demands a trial by jury but denies any and all damages, liability, and/or violations, and further denies plaintiff is entitled to any relief.  Except as specifically admitted, RGS denies the allegations in ¶ 5.

### PARTIES

6. 15 U.S.C. § 1692 speaks for itself and is the best evidence of its contents.  To the extent the allegations state otherwise, they are denied.

7. RGS denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

8. RGS admits the allegations in ¶ 8.

9. RGS admits that it engages in debt collection and debt collection related services and uses the mail, telephone and facsimile in the normal course of its business activities.  Except as specifically admitted, RGS denies the allegations in ¶ 9.

### CLASS ACTION ALLEGATIONS

10. RGS admits Plaintiff purports to bring this action as a class action but denies

this lawsuit meets the requirements of Fed. R. Civ. P. 23.

11.   RGS admits that plaintiff purports to represent a class as defined in ¶ 11 but denies this lawsuit meets the requirements of Fed. R. Civ. P. 23.

12.   RGS denies the allegations in ¶ 12, including its subparagraphs, and further denies that this lawsuit meets the requirements of Fed. R. Civ. P. 23.

## STATEMENT OF FACTS

13.   RGS denies the allegations in ¶ 13 as calling for a legal conclusion.

14.   RGS admits that it engages in debt collection and debt collection related services and uses the United States Postal Service, telephone and/or Internet in the normal course of its business activities.  Except as specifically admitted, RGS denies the allegations in ¶ 14.

15.   RGS denies the allegations in ¶ 15 as calling for a legal conclusion.

16.   RGS admits only that plaintiff incurred an obligation to Navient, but otherwise denies the allegations in ¶ 16 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.  Except as specifically admitted, the allegations in ¶ 16 are denied.

17.   RGS denies the allegations in ¶ 17 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

18.   RGS denies the allegations in ¶ 18 as calling for a legal conclusion.

19.   RGS denies that allegations in ¶ 19 as calling for a legal conclusion.

20.   RGS admits only that plaintiff's creditor placed plaintiff's overdue account or obligation with it for collection, but otherwise denies the allegations in ¶ 20.  Except as

specifically admitted, the allegations in ¶ 20 are denied.

20. RGS denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein.

22. RGS admits that it forwarded correspondence to plaintiff of the type attached as Exhibit A ("Letter") in a lawful attempt to collect an account or obligation. Except as specifically admitted, RGS denies the allegations in ¶ 22.

23. RGS denies the allegations in ¶ 23 as stated.

24. RGS denies the allegations in ¶ 24 as calling for a legal conclusion.

25. RGS denies the allegations in ¶ 25 as calling for a legal conclusion.

26. RGS denies the allegations in ¶ 26 for lack of knowledge or information sufficient to form a belief therein.

27. The Letter speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

28. RGS denies the allegations in ¶ 28.

29. RGS denies the allegations in ¶ 29 as written.

30. RGS denies the allegations in ¶ 30 as written.

31. RGS denies the allegations in ¶ 31 as written.

32. RGS denies the allegations in ¶ 32.

33. RGS denies the allegations in ¶ 33 as calling for a legal conclusion.

34. The Letter speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

35. The Letter speaks for itself and is the best evidence of its contents. To the

extent the allegations state otherwise, they are denied.

36. The Letter speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

37. The Letter speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

38. RGS denies the allegations in ¶ 38.

39. RGS denies the allegations in ¶ 39.

40. RGS denies the allegations in ¶ 40.

41. RGS denies the allegations in ¶ 41 as calling for a legal conclusion.

42. RGS denies the allegations in ¶ 42 as written.

43. RGS denies the allegations in ¶ 43.

44. RGS denies the allegations in ¶ 44.

45. RGS denies the allegations in ¶ 45 as written.

46. RGS denies the allegations in ¶ 46.

47. RGS denies the allegations in ¶ 47.

48. RGS denies the allegations in ¶ 48.

49. RGS denies the allegations in ¶ 49.

50. RGS denies the allegations in ¶ 50.

51. The FDCPA speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

52. RGS denies the allegations in ¶ 52.

53. RGS denies the allegations in ¶ 53.

54. RGS denies the allegations in ¶ 54.

55. The FDCPA speaks for itself and is the best evidence of its contents. To the extent the allegations state otherwise, they are denied.

56. RGS denies the allegations in ¶ 56.

57. RGS denies the allegations in ¶ 57.

58. RGS denies the allegations in ¶ 58.

59. RGS denies the allegations in ¶ 59.

60. RGS denies the allegations in ¶ 60.

## POLICIES AND PRACTICES COMPLAINED OF

61. RGS denies the allegations in ¶ 61.

62. RGS denies the allegations in ¶ 62.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT  15 U.S.C. § 1692 VIOLATIONS

63. RGS reasserts the foregoing as if fully stated herein.

64. RGS denies the allegations in ¶ 64.

65. RGS denies the allegations in ¶ 65, including its subparts (A) through (H).

RGS denies any and all violations, liability, and/or damages, and further denies plaintiff is entitled to any relief, including any of the relief prayed for in the final paragraph of her complaint, including subparts (a) through (g), which begins "WHEREFORE."

## DEFENDANT'S AFFIRMATIVE DEFENSES

AND NOW, in further response to the allegations in the Complaint, RGS asserts the following affirmative defenses.

6

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against RGS upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## THIRD AFFIRMATIVE DEFENSE

Assuming Plaintiff suffered any damages, Plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

## FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by Plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of RGS, or for whom RGS is not responsible or liable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails in whole or in part to satisfy the requirements for a class action.

## SIXTH AFFIRMATIVE DEFENSE

This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

## SEVENTH AFFIRMATIVE DEFENSE

On information and belief, plaintiff's claims are subject to a binding arbitration agreement and class action bar.

### EIGTH AFFIRMATIVE DEFENSE

One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

WHEREFORE, defendant, Radius Global Solutions, LLC, respectfully requests the Court dismiss this action with prejudice and grant it all further and necessary relief the Court deems appropriate.

Dated: March 26, 2020　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Aaron R. Easley*
　　　　　　　　　　　　　　　　　　　　Aaron R. Easley, Esq.
　　　　　　　　　　　　　　　　　　　　SESSIONS, FISHMAN, NATHAN & ISRAEL
　　　　　　　　　　　　　　　　　　　　3 Cross Creek Drive
　　　　　　　　　　　　　　　　　　　　Flemington, NJ 08822
　　　　　　　　　　　　　　　　　　　　Telephone: (908) 237-1660
　　　　　　　　　　　　　　　　　　　　Facsimile:  877-344-0661
　　　　　　　　　　　　　　　　　　　　Email: aeasley@sessions.legal
　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant,*
　　　　　　　　　　　　　　　　　　　　*Radius Global Solutions, LLC*

### CERTIFICATE OF SERVICE

I certify that on March 26, 2020, a copy of the forgoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

　　　　　　　　　　　　　　　　　　　　 */s / Aaron R. Easley*
　　　　　　　　　　　　　　　　　　　　 Aaron R. Easley, Esq.
　　　　　　　　　　　　　　　　　　　　 *Counsel for Defendant,*
　　　　　　　　　　　　　　　　　　　　 *Radius Global Solutions, LLC*